UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ : | |
| DEDRICK WILLIAMS, *et. al.,* : | |
| : | |
| Plaintiffs, : | No. 06-CV-291-A |
| : | |
| v. : | |
| : | |
| THE COUNTY OF NIAGARA, *et. al.,* : | |
| : | |
| Defendants. : | |
| _____: | |

PLAINTIFFS' STATUS REPORT

Pursuant to the Court's order, the Plaintiffs provide the following status report on this litigation.

1.  <u>Resolution of Claims of Dedrick Williams</u>

The Plaintiffs maintain that Dedrick Williams's claims should go forward in this litigation. While the Defendants maintain that Mr. Williams changed his story, Mr. Williams's deposition was an unnecessarily lengthy and contentious ordeal for him, and the claims that he "changed" his story are directly related to the manner in which he was treated during that deposition. There is no factual dispute that Niagara County strip searched all detainees admitted to the Niagara County Jail without giving them a reasonable opportunity to post bail, and well before they entered the County Jail's general population. Mr. Williams's claims for the violation of his constitutional rights are well-founded and compelling. The claims of Mr. Williams, and the group of detainees from March 11, 2005, are obviously unique, as the Court has detailed in its decision. The Plaintiffs request that the Court stay Mr. Williams's individual claims, and the claims of all March 11, 2005 detainees, pending resolution of the class claims detailed below. The Plaintiffs further note for the Court that they approached the Defendants about resolving Mr. Williams's claims, and the claims of the other individual Plaintiffs, in lieu of further briefing and proceedings before this Court, to no avail.

2.   Resolution of the Claims of the March 11, 2005 Class Members

The Plaintiffs maintain that there is a sufficient basis to certify a class action for the March 11, 2005 Class Members, and that Dedrick Williams is an adequate class representative for that modest class.   The Plaintiffs respectfully suggest that any decision in this regard be stayed pending a consideration of the claims for the larger class.

3.   Class Notice and Decertification

The Plaintiffs respectfully suggest to the Court that the class in this action be decertified by the Court, without prejudice to being renewed following the Court's decision on summary judgment and leave to file an Amended Complaint, should the factual and legal allegations in this action be viable.   In the alternative, the Plaintiffs request that the Court approve publication notice only for the class, and that that Notice detail Class Members' right to opt out and pursue litigation against Niagara County in state court.   Finally, given the procedural posture in this case, the Plaintiffs again request an opportunity to provide supplemental briefing to the Court on the Defendants' Motion for Summary Judgment, and to bring to the Court's attention decisions from other Federal courts decided after *Florence* that continue to reiterate where, as here, blanket strip searches are conducted by municipalities well before a detainee enters a County Jail's general population, those strip searches remain unconstitutional.   The Plaintiffs requested leave to file this briefing with the Court in August.   Given the significant difference between this case, where Niagara County conducts blanket strip searches on detainees immediately upon their entry into the Niagara County Jail, several hours before they enter the Niagara County Jail's general population and without providing them with an opportunity to post bail, and the Erie County case, and the change in the

law after *Florence,* the Plaintiffs maintain that it is reasonable to allow for the consideration of supplemental briefing prior to the Court issuing a decision on summary judgment.

The Plaintiffs further agree that the Individual Defendants (Beilein, Muscarella, and Saxton) are entitled to qualified immunity, and will work with the Defendants' counsel to discontinue claims against these individuals with prejudice.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated:  April 5, 2018

Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT
  KEACH, III, PC
One Pine West Plaza, Suite 109
Albany, NY  12205
518.434.1718
bobkeach@keachlawfirm.com

ATTORNEY FOR PLAINTIFFS