**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DEDRICK WILLIAMS, MARQUESSA PAGE, and
CAMILE SMITH,

                Plaintiffs,                        06-CV-291-A
                                                             **DECISION AND ORDER**

          v.

THE COUNTY OF NIAGARA; THOMAS BEILEIN, both
individually and in his official capacity as Sheriff of the
County of Niagara; SAMUEL MUSCARELLA, both
individually and as Undersheriff of the County of Niagara;
and JOHN SAXTON, both individually and as Major in
the Niagara County Sherriff's Office,

                Defendants.
_____

As directed by the Court's February 23, 2018 Decision and Order, the parties have filed briefs addressing several issues that arose during the Court's attempt to resolve the parties' cross-motions for summary judgment.

**1.** In response to the Court's question about whether the class in this case should be decertified, the Defendants "request that the Court decertify the class," Docket No. 118 at 6, and the Plaintiffs likewise "suggest . . . that the class . . . be decertified . . . without prejudice to being renewed following the Court's decision on summary judgment and leave to file an Amended Complaint." Docket No. 120 at 2.

Based on the parties' request to decertify the class, and for the reasons stated in the Court's decision to decertify the class in *Pritchard, et al. v. County of Erie, et al.*, 04-CV-534-A, Docket No. 117 at 15-20, the Court decertifies the class in this case. Because "[a]n order that grants or denies class certification may be altered or amended before final judgment," Fed. R. Civ. P. 23(c)(1)(C), the Court's decision to decertify the class is without

prejudice. Thus, this case will proceed only on behalf of Dedrick Williams, Marquessa Page, and Camile Smith in their individual capacities.[1]

**2.** The Plaintiffs "request an opportunity to provide supplemental briefing to the Court on the Defendants' Motion for Summary Judgment, and to bring to the Court's attention decisions from other Federal courts decided after *Florence* that continue to reiterate where, as here, blanket strip searches are conducted by municipalities well before a detainee enters a County Jail's general population, those strip searches remain unconstitutional." Docket No. 120 at 2. The Plaintiffs may file a supplemental brief addressing post-*Florence* case law on or before May 15, 2018. The Defendants need not respond unless directed to do so by the Court.

**3.** The Plaintiffs state that they "agree that the Individual Defendants are entitled to qualified immunity, and will work with the Defendants' counsel to discontinue claims against these individuals with prejudice." Docket No. 120 at 3. On or before May 15, 2018, the parties shall advise the Court whether claims against the individual Defendants will be voluntarily dismissed.

**SO ORDERED.**

Dated: April 24, 2018  　　　　　　　　　　 *S/Richard J. Arcara*
　　　Buffalo, New York  　　　　　　　 HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

---

[1] The Court will address the resolution of Plaintiff Williams's claims, as well as claims arising from the March 11, 2005 group arrest, in a subsequent Decision and Order.